IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KARRON L. SKINNER,

    Petitioner,

v.                                                   CASE NO. 4:07-cv-465-MP-AK

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Rodriguez Brown.  By separate order, the Court has granted Petitioner leave to proceed IFP. The original petition was provided to prison officials on October 23, 2007.

On January 27, 1999, Petitioner pled nolo contendere to six separate counts and was sentenced to various sentences, some running concurrently, others, consecutively.  Doc. 1, Ex. A.  According to his petition, he did not appeal, and thus, the conviction became final on February 27, 1999.  Fla. R. App. P. 9.110(b).  On or about October 25, 1999, Petitioner filed a Rule 3.850 motion for post-conviction relief in the lower court.  Doc. 6 at 25 of 27.  On or about November 30, 1999, the motion was denied without prejudice as facially insufficient.  *Id*. at 9 & 25 of 27.  On or about May 3, 2000, Petitioner filed another 3.850 motion in state court.  *Id*. 25-26 of 27.  That motion was denied on or about April 2, 2003.  Doc. 1, Ex. A.  Petitioner appealed

the ruling, which was affirmed. *Skinner v. State*, 864 So.2d 405 (Fla. Dist. Ct. App. 2004). In 2006 and 2007, Petitioner filed motions to correct illegal sentence and for post-conviction relief which were denied. Doc. 1.

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction, or February 27, 2000. 28 U.S.C. §2244(d)(1)(A). Of course, a properly filed motion for post-conviction relief in state court will toll the time for filing a § 2254 petition, 28 U.S.C. §2244(d)(2), and because Petitioner did seek post-conviction relief in state court during the relevant time period, tolling applies. In this case, tolling began on October 25, 1999, when Petitioner filed his first post-conviction motion. Before that date, however, 240 days of untolled time elapsed before Petitioner sought any relief in state court. From October 25, 1999, till November 30, 1999, the time remained tolled. The time began running again on December 1, 1999, and ran unabated until May 3, 2000, when Petitioner next sought post-conviction relief, for a total of 155 days. Thus, by the time Petitioner filed the May, 2000, motion for post-conviction relief, 395 days had elapsed, and his one-year statute of limitations for seeking relief in this Court had expired by 30 days. As the instant petition was not filed until October 23, 2007, over seven years out of time, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other

words, the time for filing the instant petition had expired before Petitioner filed his post-conviction motion in state court on May 3, 2005, and the filing of that motion could not toll a statute of limitations that had already expired. It is of no consequence that the state statute allows a prisoner two years to seek post-conviction relief, as he has only one year to seek relief in this Court. It is also of no consequence that Petitioner more recently sought further relief in state court, since the time for seeking relief here had expired long before then.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *7th* day of January, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:07-cv-465-MP-AK*